UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PNC BANK N.A.

VERSUS

FIDELITY NATIONAL TITLE
INSURANCE COMPANY

CIVIL ACTION

NUMBER 13-578-JWD-RLB

Consolidated with

PNC BANK, N.A.

VERSUS

IRVIN LIMITED FAMILY PARTNERSHIP

CIVIL ACTION

NUMBER 14-766-JWD-RLB

Consolidated with

PNC BANK, N.A.

VERSUS

IRVIN FAMILY LIMITED PARTNERSHIP,
ET AL.

CIVIL ACTION

NUMBER 15-25-JWD-RLB

## ORDER

To the extent any of the issues listed below remain unresolved after the Court's ruling on PNC's Motion for Partial Summary Judgment, (Doc. 48), set for hearing on Monday, May 16, 2016, at 1:30 p.m., these issues will be tried in two phases:

I. Phase I (Title Action and Default Action) (trial will begin on August 15, 2016):

A. Title Action:

1. Whether under Louisiana substantive law, the Irvin Defendants are in breach of their obligations to cooperate in curing the title defects, as set forth in the pre-negotiation agreement and PNC mortgage, and thus are liable to PNC for all damages reasonable under the premises, including costs, attorneys' fees, expenses and expert witness fees incurred by PNC in its enforcement of the subject agreement;

2. Whether under Louisiana substantive law, the Irvin Family Limited Partnership is in breach of warranty of title covenants of the PNC mortgage;

3. Whether PNC is entitled to the remedy of specific performance (for the breach of the pre-negotiation agreement) against the Irvin Defendants to cooperate in its efforts to cure the title defects, and to execute all necessary title curative documents and to perform all acts that are necessary to resolve the title defects associated with the PNC mortgage and collateral pursuant to Louisiana Civil Code article 1986;

4. Whether PNC may obtain a judgment from the Court reforming conveyance instruments of which it is not a direct party pursuant to Louisiana Civil Code article 1949, et seq.;

5. Whether PNC may obtain a judgment from the Court reforming the PNC mortgage to correctly state the correct legal description of the PNC collateral pursuant to Louisiana Civil Code article 1949;

6. Whether PNC may obtain a judgment from the Court finding that the Irvin Family Limited Partnership is the sole owner of the collateral described in the PNC mortgage and the PNC mortgage encumbers all the collateral described therein pursuant to Louisiana Civil Code article 1871, et seq.;

7. Whether PNC may obtain a judgment from the Court ordering the Irvin Family Limited Partnership to cause the amendment and reinstatement of the condominium regimes insofar as they affect the PNC collateral;

8. Whether PNC may obtain a judgment from the Court declaring the rights of the parties in relation to the immovable property PNC believes its mortgage should encumber, in accordance with 28 U.S.C. § 2201, et seq.;

9. What mutual mistakes infect the mortgage agreement;

10. Who (if anyone) is responsible for the mutual mistake; and

11. Whether the mistake can be cured as to un-encumber the mortgage collateral.

B. Default Action:
1. The remaining issues in the Default Action, including PNC's claims related to the recognition and enforcement of the PNC mortgage, the PNC assignment, the security agreement and other loan documents.

II.      Phase II (Insurance Action) trial date will be set in a status conference to be held in chambers immediately following oral argument on Monday, May 16, 2016.

Signed in Baton Rouge, Louisiana, on <u>April 28, 2016</u>.

 

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**